**FAIRBANKS, MORSE & CO. v. TILSON et al.**

(Court of Civil Appeals of Texas. Texarkana. April 11, 1912.)

1. MUNICIPAL CORPORATIONS (§ 485*)—SPECIAL ASSESSMENT WARRANTS—TRANSFER—LIABILITY OF TRANSFEREE.

A city tax warrant which directs the treasurer of a county to pay a person named a specified sum out of the special sidewalk assessments, and which declares that the warrant is payable from the proceeds of the assessment when collected, and that the city assumes no liability for the payment thereof, vests in such person only a right to receive from the county treasurer the specified sum belonging to the particular fund received from the collection of the special tax; and an assignment of the warrant is an assignment of an interest in the fund, and does not render the assignee liable as an indorser of commercial paper.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1140–1144; Dec. Dig. § 485.*]

2. MANDAMUS (§ 109*)—COMPELLING PAYMENT OF CITY WARRANTS — MINISTERIAL DUTY.

A treasurer who has collected a special assessment owes a ministerial duty of paying so much thereof as is called for by a warrant issued by the city; and, where he refuses to pay the warrant to the proper holder, mandamus lies to compel such payment.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 227–229, 232–235, 237; Dec. Dig. § 109.*]

Appeal from Bowie County Court; Joe Hughes, Judge.

Action by Fairbanks, Morse & Co. against M. D. Tilson and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Dan T. Leary, of Texarkana, for appellant. Hart, Mahaffey & Thomas, of Texarkana, for appellees..

HODGES, J. This suit originated in the justice court in an action to recover the face value of two warrants, issued by the mayor of the city of Hugo, of which the following is a sample: "Ordinance No. 127, Passed April 8, 1909. City of Hugo Tax Warrant. Hugo, Okla. May 11, 1909. To the Treasurer of Choctaw County: On demand pay to Munz Construction Company, or order forty-nine 12/100 dollars out of Special Sidewalk Assessments for sidewalks levied against lot 9, block 11, in the city of Hugo, Oklahoma, this warrant being payable solely from the proceeds of said assessment when collected, the city of Hugo assuming no liability for the payment thereof, same to bear interest from date of presentation until paid at the rate of 6% per annum. R. L. Jones, Mayor. Attest: W. T. Echols, City Clerk." On the back of this warrant was written, "Munz Construction Company, by G. Munz, Pres."

The trial in both of the courts below resulted in judgments in favor of the appellees.

The facts show that the warrants were originally issued and delivered to the Munz Construction Company, a partnership consisting of the appellees. They were later transferred by indorsement to the Tilson Carriage Company, a private corporation, of which the appellee Tilson was president, and were afterwards assigned to the appellants in payment of a debt due them from the Tilson Carriage Company. It was further shown that the warrants were presented for payment some time during the year 1910, and refused. The record fails to show why they were not paid, or that any effort, beyond the mere presentation to the officers, was ever made to enforce their collection.

[1, 2] The appellants seek to hold the appellees liable as indorsers only. These instruments fixed no liability upon the part of the city of Hugo, and merely vested in the appellees a right to receive from the proper disbursing officer a specified sum of money belonging to a particular fund arising from the collection of a special tax. Their delivery to the appellees operated as an assignment of an interest in that fund. The rule which makes indorsers of commercial instruments, choses in action, or promises to pay money or property at some future date has no application. 1 Daniel on Negotiable Instruments, § 429. Furthermore, it may be that the taxes by which this fund was to be created had not then been collected, and the treasurer was not in a position to pay the warrants. If he had collected the taxes and had them on hand, he owed merely the ministerial duty of paying so much as was called for by the warrants over to the proper holder. If, in such a contingency, he refused to perform that duty, he might have been compelled to do so by resorting to a court of proper jurisdiction for mandamus.

The judgment is accordingly affirmed.